```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

| | |
|---|---|
| VICTORIA WILLIAMS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  No.21-cv-2306-SHL-tmp |
| | ) |
| KELLOGG USA LLC, | ) |
| | ) |
|     Defendant. | ) |

### ORDER DENYING "MOTION TO ALLOW WITNESSES WHO HAVE DISCOVERABLE INFORMATION"

Before the court is plaintiff's *pro se* "Motion to Allow Witnesses Who Have Discoverable Information." (ECF No. 19.) Plaintiff Victoria Williams filed this motion on August 20, 2021. In the motion, plaintiff alleges that defendant "insisted that I have a lawyer to represent me" and "did not properly explain what we needed to agree on concerning the Fed. R. Civ. P. 26(a)(1) rule." (ECF No. 19 at 2.) She articulates that she would like the magistrate judge to preside over the trial, but that the defendant does not agree. (Id.) The motion continues, stating that defendant told her she needed to send discovery documents to the defendant, rather than to the court. (Id.) She explains that she "did not know and [she] would do everything in [her] power to cooperate with them and to meet the requirements." (Id.) The motion concludes stating, "I am asking

the court to accept my documentation in compliance with the court." And "I explained to the defendant that I need time to the get the witnesses approval to testify for the case. (Id.)

On September 7, 2021, defendant filed a response, acknowledging the receipt of plaintiff's disclosure under Fed. R. Civ. P. 26(a)(1)(A)(i). (ECF No. 22 at 1-2.) defendant objects to plaintiff's filing of her Rule 26 disclosures on the record. (Id. at 2.) Defense counsel also states that she attempted to confer with plaintiff several times before the deadline for the joint scheduling order. (Id.) Defense counsel also clarifies that she did not "insist that she have a lawyer represent her." (Id.) Rather, defendant states, "[i]n response to plaintiff's request that the undersigned counsel for defendant explain to her the civil procedure process, the undersigned declined to do so and inquired whether plaintiff had or would be retaining counsel." (Id.)

Plaintiff's motion does not request any action from the court, but instead provides a narrative of interactions between plaintiff and defense counsel. Defendant acknowledges that plaintiff has provided Rule 26 disclosures, so there does not appear to be a discovery dispute.

Additionally, plaintiff states that she would like the magistrate judge to preside over the trial. Upon the consent of all parties, a magistrate judge may conduct any or all

2

proceedings in a jury or non-jury civil matter and enter judgment on the case. 28 U.S.C. § 636(c)(3). Because defendant has not consented, the magistrate judge does not have jurisdiction over all proceedings in this matter.[1] Because there is no action for the court to take, the "Motion to Allow Witnesses with Discoverable Information" is hereby DENIED.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

September 9, 2021
Date

---

[1] However, because the plaintiff in this case is a *pro-se* non-prisoner, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate. See Administrative Order No. 2013-05.