# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| VICTORIA WILLIAMS, )<br>    Plaintiff, )<br> )<br>v.  )   No. 2:21-cv-2306-SHL-tmp<br> )<br>KELLOGG USA LLC, )<br>    Defendant. ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Chief Magistrate Judge Tu M. Pham's Report and Recommendation ("Report"), (ECF No. 39), entered on July 20, 2022, recommending that the Court grant Defendant's Motion for Summary Judgment in its entirety. Plaintiff Victoria Williams filed her Pro Se Objection to the Report, (ECF No. 40), on August 3, 2022, and Defendant Kellogg USA LLC filed its Response in Support of the Report, (ECF No. 41), on August 15, 2022. For the reasons described below, the Court **ADOPTS** the Report in full and therefore **GRANTS** Kellogg's Motion for Summary Judgment.

## BACKGROUND

A full recitation of the facts in this case is found in the Report's Proposed Findings of Fact section. (See ECF No. 39 at PageID 772-83.) Neither Party objected to the Chief Magistrate Judge's Proposed Findings of Fact and the Court thus **ADOPTS** them in full.

Briefly, Williams is a former operations technician at Kellogg's Memphis, Tennessee cereal production facility. (Id. at PageID 773.) On February 24, 2020, she requested a day off so that she and her son could attend doctor's appointments. (Id. at PageID 774.) Williams's request was denied by Zambree Taylor, a Human Resources Generalist/Crew Scheduler at

Kellogg, who informed her that Williams would need to submit a note from her doctor to "bump a more senior employee off the weekend excusal list for that date;" the excusal list had a maximum of five employees. (Id. at PageID 776.) Williams returned with a note but by then it was too late–the excusal list had been filled and her request was therefore denied. (Id.)

According to Williams's version of events, she then requested that her relief operator take over her place on the production line while she spoke with the plant's Union steward before returning to Kellogg's Human Resources to dispute the excusal denial. (Id. at PageID 777.) A meeting took place between Williams, Union representatives, Plant Director Tina Almond, and Manager Larry Finney, after which Williams's request was again denied. (Id. at PageID 778.)

Kellogg disputes Williams's narrative. Kellogg instead states that, upon learning that her request was denied, Williams began shouting loudly and threatened to shut down the production line, and then did shut it down by hitting the manual stop button for her line. (Id.) Kellogg alleges that Williams then, without permission, left her line to discuss the denial with the Union and then left the plant completely. (Id. at PageID 778-79.)

An investigation by Kellogg then ensued which ultimately led to Williams's suspension for "Group I" rule violations for "restricting output/delaying operations" and "walking off the job or unauthorized departure." (Id. at PageID 779.) Group I rule violations are the most serious violations and typically lead to an employee's discharge following the employee's suspension and a hearing to determine whether the employee should be terminated. (Id.) However, here, a Settlement and Reinstatement Agreement was reached following negotiations between the Union and Kellogg, which would permit Williams to return on April 17, 2020. (Id. at Page ID 780.) Williams did return to work that day, but never signed the Agreement as, according to her

deposition, she was told by the Union president that signing was unnecessary since everything was "handled." (Id.)

Kellogg felt differently. On May 5, 2020, Williams received a letter from Kellogg stating that the matter was still considered open and that she had until May 15, 2020, to sign the settlement agreement included with the letter. (Id. at PageID 781.) The agreement in the letter, however, differed from the previous agreement reached between Kellogg and the Union, now including "Last Chance" in the title of the agreement and a paragraph stating that Williams would be immediately terminated for any future, additional violations of the rules she was currently on suspension for violating and barring her from challenging any future termination under those same rules. (Id. at PageID 781-82.) Williams refused to sign, arguing that the agreement was altered without her or the Union's knowledge, and Kellogg reinstated her suspension on May 18, 2020. (Id. at PageID 782.)

Kellogg then held a disciplinary hearing and subsequently terminated Williams for her previous alleged rule violations. (Id.) In response, Williams filed three EEOC Charges and a NLRB Charge. (Id.) The NLRB Charge resulted in a finding in Kellogg's favor after arbitration. (Id. at PageID 783.) Williams's case here is solely based on her second EEOC Charge alleging that her suspension and denial of time off were motivated by sex discrimination and retaliation for filing her previous EEOC Charge. (Id.)

## LEGAL STANDARD

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for granting summary judgment. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P.

3

72(b)(2); see also 28 U.S.C. § 636(b)(1) (2017).  A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## ANALYSIS

Williams filed her Objections to the Report on August 3, 2022.  (ECF No. 40.)  Williams contests only one finding in the Report, namely that the Chief Magistrate Judge erred by deciding not to consider five statements she attached to her Response to Kellogg's Statement of Undisputed Material Fact.  (See ECF No. 35 Ex. 2.)  According to Williams, these statements from Sean Dortch, Kevin Bradshaw, Vincent Mickens Jr., and Tim Gordon, (as well as an email from Rob Eafen, the Union President), "support her interpretation of the relevant policies and events."  (ECF No. 39 at PageID 786 (citing ECF No. 35 at PageID 525).)

In its Reply, Kellogg contested the admissibility of the statements at the summary judgment phase on four grounds: (1) the statements are neither made under oath or affirmed before an authorized officer and are not declarations; (2) the statements lack the required showing under Feder Rule of Civil Procedure 56(c)(4) of personal knowledge and therefore lack a proper foundation; (3) the statements express improper opinion statements, inferences, and/or conclusions; and (4) the statements constitute inadmissible hearsay under Federal Rule of Evidence 801 which may not be considered by the Court in ruling on a motion for summary judgment.  (ECF No. 36 at PageID 728-30.)

The Chief Magistrate Judge found Williams's attached statements violative of Rule 56(c)(4) and rejected their consideration solely on that ground without addressing Kellogg's other arguments.  (See ECF No. 39 at PageID 785-88.)  In her Objection, Williams argues that pro se pleadings should be liberally construed and that, "for more minor violations of Local Rule

4

56(B),¹ courts sometimes will refuse to elevate form over substance and, instead, will excuse the party's failure to comply with the rule." (ECF No. 40 at PageID 812 (internal quotation marks omitted).) Kellogg argues that Williams fails to cite any authority granting pro se plaintiffs deference in complying with summary judgment standards, and that the cases she does include are distinguishable and non-binding. (ECF No. 41 at PageID 816-18.)

Upon de novo review, the Court agrees with the conclusion reached by the Chief Magistrate Judge regarding the admissibility of the statements and rejects Williams's sole objection. Both are addressed in turn below.

I.     **Compliance with Federal Rule of Civil Procedure 56(c)(4)**

As an initial matter, the Chief Magistrate Judge's conclusion that the statements may not be considered at the summary judgment phase was correct. Federal Rule of Civil Procedure 56(c)(4) dictates that:

> an affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent on the matters stated.

This subsection, part of a 2010 amendment, removed the previous "formal affidavit" requirement but adopted the use of "declarations," as referred to in 28 U.S.C. § 1746. Fed. R. Civ. P. 56(c)(4) advisory committee's note to 2010 amendment. Section 1746 requires that unsworn declarations executed within the United States include language that the person signing the declaration does so "under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746(2).

---

¹ The Court construes this reference to Local Rule 56(B) to instead reference the Chief Magistrate Judge's reliance on Federal Rule of Civil Procedure 56 in light of Williams's pro se status.

The statements at issue are not sworn affidavits and thus, under Rule 56, must qualify as declarations to be considered in opposition to a summary judgment motion. While most of her statements are signed and dated by the individual submitting the statement (the attached email from Rob Eafen is not signed), none of them include the language that the individual signed the statement "under penalty of perjury." (See ECF No. 35 Ex. 2.) Because the statements fail to comply with the statute's plain language governing unsworn declarations, this deficiency dooms them. The Chief Magistrate Judge reached the correct conclusion that the statements are deficient and may not be considered at the summary judgment phase.

This conclusion is consistent with precedent in the Sixth Circuit. "A litigant may [] controvert sworn affidavits and place material facts into dispute by submitting an unsworn statement that is subscribed by him as being true under penalty of perjury." Zainalian v. Memphis Bd. of Educ., 3 F. App'x 429, 431 (6th Cir. 2001) (citing 28 U.S.C. § 1746). However, when the submitting party fails to sign the unsworn statement under oath or under penalty of perjury pursuant to § 1746, "the facts averred to therein lack[] the force and effect of an affidavit for purposes of responding to a motion for summary judgment." Id. Even after the 2010 amendment to Rule 56, a court may decline to consider an unsworn declaration that does not comply with the § 1746 requirements. See Sfakianos v. Shelby Cnty. Gov't, 481 F. App'x 244, 245 (6th Cir. 2012) (affirming the district court's decision to decline consideration of the plaintiff's affidavit that was not signed "under penalty of perjury" pursuant to § 1746); see also Blount v. Stanley Eng'g Fastening, No. 5:19-cv-109-BJB, 2022 WL 949923, at *6 (W.D. Ky. Mar. 29, 2022) ("Because this affidavit is not a proper unsworn declaration under 28 U.S.C. § 1746 [for failing, in part, to include the "under penalty of perjury" language], the Court must exclude it.").

Here, Williams's statements were properly not considered because of their failure to comply with § 1746's requirements.

## II.     Williams's Pro Se Status

Despite her failure to comply with Rule 56(c), Williams argues that the deficiencies should be excused, given the typically liberal construction granted to pro se pleadings and filings.  See, e.g., Spotts v. U.S., 429 F.3d 248, 250 (6th Cir. 2005).  She also contends that a failure to comply with a Rule should not result in an automatic ruling for the movant, but that the Court should still "generally determine whether the moving party has met its burden on a motion for summary judgment, rather than deciding the motion on a technicality." (ECF No. 40 at PageID 812 (citing Hedrick v. Roberts, 183 F. Supp. 2d 814, 819 (E.D. Va. 2001).)

Despite Williams's contrary assertions, "the liberal treatment of pro se pleadings does not require lenient treatment of substantive law and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." Johnson v. Stewart, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citations omitted).  In addition, a party's "status as a pro se litigant does not alter [the party's] duty on a summary judgment motion" to support his or her argument with specific facts showing a genuine dispute rather than with "merely allegations or denials in its own pleading." Viergutz v. Lucent Techs., Inc., 375 F. App'x 482, 485 (6th Cir. 2010).  Williams's failure to comply with the substantive legal requirements of § 1746 are not excused merely because of her pro se status.

Finally, the Chief Magistrate Judge did not rule in favor of Kellogg merely as a result of Williams's deficient filings.  Instead, the Report contains a lengthy and reasoned analysis of Williams's claims based on the evidence in the record, but excluding the deficient unsworn statements. (See ECF No. 39 at PageID 789-809.)  The Chief Magistrate Judge properly held

Williams to the evidentiary bar to contest a motion for summary judgment, required even for a pro se plaintiff, and did not issue an allegedly insufficient "automatic ruling in favor of the movant."

The Court therefore rejects Plaintiff's Objection.

### III. Clear Error Review

Williams did not object to the remaining portions of the Report, in which the Chief Magistrate Judge found that Williams failed to present sufficient evidence to create a genuine dispute of material fact on both of her Title VII sex discrimination and retaliation claims by failing to establish a prima facie case for either. (ECF No. 39 at PageID 797, 807.) On review for clear error, the Court concludes that the Chief Magistrate Judge properly applied Rule 56's standard when evaluating the merits of Williams's claims.

### CONCLUSION

Given the reasoning above, the Court **ADOPTS** the Chief Magistrate Judge's Report and **GRANTS** Kellogg's Motion for Summary Judgment.

**IT IS SO ORDERED,** this 19th day of October, 2022.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE